**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MICHAEL J. HOLMES,
  *Plaintiff*

-vs-

JASON PULLIAM,
  *Defendant*

§
§
§
§
§
§
§
§
§
§
§

SA-23-CV-00026-XR

## ORDER

On this date the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation in the above-numbered and styled case, filed January 27, 2023 (ECF No. 3), concerning Plaintiff Michael J. Holmes's *pro se* Motion for Leave to File Verified Complaint (ECF No. 1), and Plaintiff's objections thereto (ECF No. 4).

## BACKGROUND

Plaintiff is a serial *pro se* filer who has filed baseless suits against many of the judges in this District.[1] In response to one of these lawsuits, Judge Yeakel barred Plaintiff from filing any future actions in this District "without first obtaining permission from a magistrate judge or district judge of this court, or a circuit judge of the United States Court of Appeals for the Fifth Circuit." *Holmes v. Pitman*, No. l:21-cv-964-LY, ECF No. 8 (W.D. Tex. Dec. 3, 2021). Since Judge Yeakel imposed the pre-filing injunction, Plaintiff has sought permission to file four lawsuits against judges in the Western District of Texas, not including the present case.[2]

---

[1] *See, e.g.*, *Holmes v. Farrer*, 5:21-CV-498-DAE (W.D. Tex. May 26, 2021); *Holmes v. Biery*, 5:21-CV-512-DAE (W.D. Tex. June l, 2021); *Holmes v. Garcia*, 5:21-CV-517-DAE (W.D. Tex. June 2, 2021); *Holmes v. Chestney*, 5:21-CV-538-DAE (W.D. Tex. June 4, 2021); *Holmes v. Bemporad*, 5:21-CV-540-JKP (W.D. Tex. June 7, 2021); *Holmes v. Pulliam*, 5:21-CV-932-RP- HIB (W.D. Tex. Sept. 30, 2021); *Holmes v. Pitman*, 1:21-CV-964-LY (W.D. Tex. Oct. 25, 2021).

[2] *See Holmes v. Yeakel*, 5:21-CV-1235-JKP (filed Dec. 15, 2021); *Holmes v. Hightower*, 5:22-CV-02-FB (W.D. Tex. Jan. 3, 2022); *Holmes v. Pulliam*, 5:22-CV-57-OLG (Jan. 24, 2022); *Holmes v. Rodriguez*, 5:22-CV-1360-OLG (W.D. Tex. Dec. 22, 2022).

Plaintiff initiated the instant action on January 6, 2023, by filing a Motion for Leave to File Verified Complaint, which was referred to Judge Bemporad. *See* ECF No. 1. As in many of the other cases, Plaintiff seeks to assert claims under 42 U.S.C. § 1983, alleging that Judge Pulliam falsified documents in yet another of his lawsuits, *Holmes v. MVM, Inc.*, SA-22-CA-1294-JKP. *See* ECF No. 1-2 at 2–7. Citing the analysis in one of Plaintiff's prior lawsuits, Judge Bemporad concluded that Plaintiff's claims must be dismissed for three reasons. *See* ECF No. 3 (citing *Holmes v. Pitman,* No. 1:21-cv-964-LY-ML, ECF No. 5 (W.D. Tex. Nov. 1, 2021)).

First, Section 1983 applies only to persons acting under color of state law; Judge Pulliam acts under federal authority. Section 1983 does not provide a jurisdictional basis for actions brought against federal officials, such as federal judges; such actions may be brought, if at all, under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Butcher v. Guthrie*, 332 F. App'x 161, 162 (5th Cir. 2009).

Second, even if Plaintiff had brought his claims under a proper basis, Judge Pulliam would be immune from suit because, contrary to Plaintiff's conclusory allegation, his handling of Plaintiff's suit was a judicial act "not performed in the clear absence of all jurisdiction." *Id.* (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)); *see also Wightman v. Jones*, 809 F. Supp. 474, 479 (N.D. Tex. 1992).

Third, "[i]ndependent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments." *Rutherford v. U.S. Dist. Cts.*, No. 10-2801, 2010 WL 3801017, at *1 (E.D. La. Sept. 2, 2010). "Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Montesano v. New York*, Nos. 05-CV-9574(GBD), 05-CV-10624(GBD), 2006 WL

944285, at *4 (S.D.N.Y. 2006). Plaintiff's remedy is not to file another lawsuit against Judge Pulliam, but to appeal.

Accordingly, Judge Bemporad recommended that Plaintiff's Motion for Leave to File Verified Complaint (ECF No. 1) be **DENIED**, and that an appropriate monetary sanction be imposed on Plaintiff to deter additional similar, frivolous filings in the future. ECF No. 3 at 3–4. Plaintiff timely filed his objections to these recommendations on February 8, 2023, twelve days after the Report and Recommendation was filed. *See* ECF No. 5.

## DISCUSSION

### I.     Legal Standard

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1). Where the report and recommendation has been objected to, the Court must review the Magistrate Judge's recommended disposition de novo pursuant to 28 U.S.C. § 636(b)(1). The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

### II.    Analysis

Plaintiff's objections merely restate his baseless assertion that Judge Pulliam mismanaged the case "in clear absence of [] jurisdiction" and allege that the pre-filing injunction violates his "right to file a lawsuit." ECF No. 6 at 3. The objections further suggest that judges "are not immune from criminal charges" and makes an oblique reference to recusal. *See id.* at 4. Given the frivolous and conclusory nature of these objections, the Court need not conduct a de novo review of the Magistrate Judge's recommended disposition. *Battle*, 834 F.2d at 421. The Court

finds the Report and Recommendations to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendations that Plaintiff's Motion for Leave to File Verified Complaint (ECF No. 1) be **DENIED**.

A district court may sanction a party, including a *pro se* litigant, under Rule 11 if it finds that the litigant filed a pleading for an improper purpose or that the pleading was frivolous. *See* FED. R. CIV. P. 11(b) and (c); *Whittington v. Lynaugh*, 842 F.2d 818, 820–21 (5th Cir. 1988). The court may *sua sponte* order a party to show cause why conduct specifically described in the order has not violated Rule 11(b). *See Marlin v. Moody National Bank, N.A.*, 533 F.3d 374, 378 (5th Cir. 2008) (citing FED. R. CIV. P. 11(c)(3)). Although the district court need not hold a hearing, it must provide the litigant notice of the proposed sanctions and the opportunity to be heard to satisfy Rule 11 and the Due Process Clause. *See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1191–92 (5th Cir. 1996). The Fifth Circuit has held that a magistrate judge's recommendation that the district court impose sanctions satisfies the notice requirement and the opportunity to object to such a recommendation affords Plaintiff a sufficient opportunity to respond. *See Brunig v. Clark,* 560 F.3d 292, 297 & n.19 (5th Cir. 2009) (finding magistrate judge's recommendation and opportunity to object sufficient to meet show-cause requirements of Rule 11).

The Court concludes that Plaintiff has violated Rule 11(b) by filing a frivolous action yet again, despite numerous warnings from judges in this District. As Judge Garcia wrote last year in another one of the frivolous cases Plaintiff filed against Judge Pulliam:

> It is apparent that neither the numerous decisions dismissing Mr. Holmes's lawsuits, nor the pre-filing requirements imposed by Judge Yeakel have dissuaded Mr. Holmes from continuing to file frivolous actions. The Court will therefore explicitly warn Mr. Holmes that additional, harsher sanctions—

**including the imposition of monetary penalties and/or a finding of contempt**—may be warranted if his conduct continues.

*Holmes v. Pulliam*, No. 5:22-CV-57-OLG, ECF No. 3 at 2 (W.D. Tex. April 14, 2022) (emphasis in original). Accordingly, the Court imposes monetary sanctions against Holmes in the amount of $402, payable to the Clerk of this court. The monetary sanction is payable to the clerk for deposit into the Treasury of the United States. 28 U.S.C. § 711(c).

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation that Plaintiff's Motion for Leave to File Verified Complaint (ECF No. 1) be **DENIED**.

Holmes is **ORDERED** to pay monetary sanctions in the amount of $402, payable to the Clerk of this United States District Court. The monetary sanction is payable to the Clerk for deposit into the Treasury of the United States. 28 U.S.C. § 711(c).

Holmes is **BARRED** from filing in this District any motion or pleading other than an appeal of this order until the total amount of the sanction imposed is paid in full. The Clerk is **DIRECTED** to refuse to file any civil complaint or motion for leave to file a civil complaint by Holmes unless Holmes submits proof of satisfaction of this sanction. If Holmes attempts to file any further motions or complaints in this court without such proof, the Clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged. The terms of the pre-filing injunction will remain in effect after the satisfaction of this sanction.

The Clerk is **DIRECTED** to mail a copy of this Order to Michael J. Holmes at 335 Kemper Street, San Antonio, Texas 78207, and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 13th day of February, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE